**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10872

Non-Argument Calendar

_____

ANGELA W. DEBOSE,

*Plaintiff,*

LAVONNE WASHINGTON,

MICHAEL WASHINGTON,

*Intervenor Plaintiffs-Appellants,*

*versus*

UNITED STATES OF AMERICA,

THIRTEENTH JUDICIAL CIRCUIT,

CHIEF JUDGE, THIRTEENTH JUDICIAL CIRCUIT

OF THE STATE OF FLORIDA,

ELIZABETH GADDY RICE,

   individually and/or in her official capacity,

GREGORY P. HOLDER,

   individually and/or in his official capacity, et al.,

*Defendants-Appellees.*

2                    Opinion of the Court                    25-10872

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02127-SDM-AAS

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Appellants Michael and LaVonne Washington, proceeding pro se, appeal the district court's denial of their Rule 24(a) motion to intervene as of right.  Angela DeBose, the plaintiff in this case, is subject to a filing injunction on her future filings regarding her employment at the University of South Florida without the signature of an attorney barred in Florida or the Middle District of Florida. Appellants assert they have an interest in the underlying litigation because they are beneficiaries to Patricia Washington's estate, and DeBose, the personal representative of Patricia Washington's estate, cannot fully protect their interest in the estate because DeBose is subject to this filing injunction.  After review,[1] we dismiss this appeal.

A district court must permit intervention as of right under Rule 24(a) if an entity "(1) is given an unconditional right to inter-

_____

[1] We review a district court's denial of intervention of right under Fed. R. Civ. P. 24(a) de novo, with subsidiary factual findings subject to review for clear error.  *See Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017).

vene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). We have distilled four elements that must be met to satisfy the second subsection: (1) the application to intervene must be timely; (2) there is an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action may impede or impair the intervenor's ability to protect that interest; and (4) that interest is represented inadequately by the existing parties to the suit. *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004). The second element is met only if the interest asserted by the intervenor is "direct, substantial, and legally protectable." *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (quotation marks and alteration omitted). "[T]he intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Id.* (quotation marks omitted). In deciding whether a party has a protectable interest, however, a court "must be flexible" and "focus on the particular facts and circumstances" of each case. *Id.* (quotation marks omitted).

Appellants fail to show clear error in the district court's finding that they lacked a cognizable interest in the property or transaction which was the subject of the action, because they do not show how their interests as estate beneficiaries are affected by DeBose's employment lawsuit even if she is the personal representative of the estate. Any judgment won or liability imposed in

the underlying employment suit would only affect DeBose in her individual capacity. Furthermore, the filing injunction imposed by the district court on DeBose only applies to her employment dispute and the defendants involved in it. Accordingly, despite Appellants' contentions to the contrary, DeBose's ability to administer the estate is unaffected by the underlying case. Because the district court did not err in denying intervention as of right under these circumstances, we apply the anomalous rule[2] and **DISMISS** this appeal for want of jurisdiction.[3]

---

[2] Under our "anomalous rule," we have appellate jurisdiction to determine whether a denial of intervention as of right is proper under Rule 24(a). *Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002). If we determine that the district court's decision to deny intervention as of right was correct, our "jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction." *Id.* (quotation marks omitted).

[3] Appellants' motion to supplement the record and take judicial notice is DENIED.